UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VICKIE DISSETTE, ) | CASE NO. 1:09CV1335 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | GEORGE J. LIMBERT |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **<u>ORDER PERTAINING TO</u>** |
| Commissioner of Social Security, ) | **<u>TO PLAINTIFF'S APPLICATION</u>** |
| ) | **<u>FOR ATTORNEYS' FEES</u>** |
| Defendant. ) | |

This matter is before the undersigned on Plaintiff Vickie Dissette's ("Plaintiff") application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"). ECF Dkt. #15. Defendant Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), has filed a response opposing Plaintiff's motion, asserting that his position was substantially justified. ECF Dkt. #16. For the following reasons, the Court GRANTS Plaintiff's petition for attorney fees and ORDERS attorney fees and costs to be paid in the amount of $2,143.75. ECF Dkt. #15.

## I. PROCEDURAL HISTORY

On July 23, 2010, this Court issued a Memorandum Opinion and Order reversing judgment in favor of Defendant and remanding Plaintiff's case to the ALJ for further findings and proceedings consistent with the undersigned's opinion. ECF Dkt. #s 13, 14. On September 23, 2010, Plaintiff filed the instant motion for attorney fees and expenses pursuant to the EAJA and requested $1,793.75 in attorney fees and $350.00 in costs. ECF Dkt. #15. On October 7, 2010,

Defendant filed a response opposing Plaintiff's motion, arguing that Defendant's position was substantially justified. ECF Dkt. #16.

## II. LAW AND ANALYSIS

### A. EAJA

The EAJA provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

#### 1. PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party. The Court finds that Plaintiff is indeed a prevailing party as the United States Supreme Court has held that a social security claimant who is granted a reversal of her case with remand of a final decision of the Social Security Administration ("SSA") under sentence four of 42 U.S.C. § 405(g) is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993).

#### 2. SUBSTANTIALLY JUSTIFIED

Defendant does contend that his position was substantially justified in this case. ECF Dkt. #16 at 2-7. The standard for reviewing whether substantial justification exists for the government's position is a lower standard than the substantial evidence standard that this Court uses in determining whether the SSA's final disability decision should be upheld. *Pierce v. Underwood*, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. $515,060.42 in U.S. Currency*, 152 F.3d 491, 507 (6th Cir. 1998). The standard of substantial justification means that

the SSA's final decision is supported to a degree that would satisfy a reasonable person, even if it was not ultimately a correct position. *Pierce*, 487 U.S. at 566. The government's position must therefore have a "reasonable basis both in law and fact." *Id.* at 559-560. The government carries the burden of showing that its position met the substantial justification standard. *E.W. Grobbel Sons., Inc. v. NLRB*, 176 F.3d 875, 878 (6th Cir. 1999).

In this case, the Court held that, although the ALJ gave the most weight to Dr. House's and Dr. Dietz's opinions, the ALJ did not account for Dr. House's finding that Plaintiff has moderate limitations in the ability to withstand stress and pressure or Dr. Dietz's opinion that Plaintiff had moderate limitations in maintaining concentration, persistence, and pace. ECF Dkt. #13 at 11. Defendant contends that the government had a reasonable basis for arguing that the ALJ's residual functional capacity finding was substantially consistent with the findings and opinions of Dr. House and Dr. Dietz. ECF Dkt. #15 at 4. In arguing the merits of this case, Defendant reasoned:

> The state agency psychological consultant found Plaintiff had a limitation to simple, routine tasks **in a low stress work environment**, and moderate limitations in performing complex tasks (Tr. 296), which the ALJ found consistent with his conclusion that Plaintiff was capable of one and two-step tasks (Tr. 20).

ECF Dkt. # 12 at 14 (emphasis added). Defendant acknowledged that the ALJ gave more weight to the opinions of Dr. House and Dr. Dietz. In fact, Defendant contended that it was proper for the ALJ to do so. Then in Defendant's own argument, the government acknowledged that Dr. House and Dr. Dietz set forth a restriction for a low stress work environment. Defendant contended that the ALJ's finding that Plaintiff was capable of performing one and two-step tasks was somehow consistent with the Regulations. However, a restriction to one and two-step tasks does not give consideration to stress level or limitations in persistence and pace. Defendant's own brief

-3-

highlights the ALJ's error by juxtaposing medical opinion with the ALJ's more extensive RFC.

A restriction to one to two step tasks does not accommodate for a low stress requirement. An RFC only limiting a person to one and two-step tasks still permits that person to encounter the public, meet production quotas, or have over the shoulder supervision. *See, e.g., Bercot v. Astrue* No. 3:08cv000416, 2009 WL 5173688 at *6 (S.D.Ohio Dec. 30, 2009), slip op. This Court has previously considered a case where an ALJ gave great weight to Dr. House's opinion and failed to explain why he did not incorporate a limitation for low stress. *See Marks v. Astrue*, No. 1:09CV433 (N.D. Ohio May 19, 2010), unreported. In *Marks,* the undersigned noted:

> the RFC is deficient because a low stress restriction and a simple work restriction are separate, and the ALJ failed to include a low stress restriction. Several cases in this Circuit have upheld RFCs where a claimant had a limitation due to stress and the RFC provided that the claimant could perform simple tasks in a low stress environment. *See, e.g., Smith,* 482 F.3d 873, 877; *Freeman v. Astrue,* No. 2:09-CV-011, 2010 WL 330338 at *3 (E.D.Tenn.Jan. 21, 2010), slip op.; *Chandler v. Astrue,* No. 1:08 CV 2265, 2010 WL 148124 at *8 (N.D.Ohio Jan 8, 2010) slip op.; *see also, Jackson v. Astrue,* No. 08-288-HRW, 2009 WL 982073 at *3 (E.D.Ky. April 13, 2009), unreported ( upholding a production quota restriction). The inclusion of both "simple task" and "low stress environment" restrictions in the RFC implicitly acknowledges that they are distinct limitations.

ECF Dkt. #19 at 22 (Case No. 1:09CV433), *adopted,* ECF Dkt. #21. Although *Marks* was decided after the instant case was filed, the foregoing passage lists only a few examples showing the distinction between a restriction to simple tasks and a low stress environment. Other cases exist that predate the filing of this case. *See, e.g., Garland v. Astrue,* No. 07-181-DLB, 2008 WL 2397566 at *2, *4 (E.D.Ky. June 10, 2008), unreported. In fact, one Sixth Circuit case acknowledges that a restriction to a low-stress environment and a restriction to one-to-two step tasks are distinct. *See Pasco v. Commissioner of Social Sec.*, 137 Fed.Appx. 828, 845, 2005 WL 1506343 at **14 (6th Cir. 2005), unreported ("The hypothetical assumed the same mental

limitations (low-stress environment; one-to-two-step instructions and tasks; and no more than occasional interaction with others) "). Therefore, it was clear that the ALJ erred in adopting the opinions of Dr. House and Dr. Dietz without explaining why he did not set forth a low stress requirement in the RFC. Further, Defendant had no basis for reasonably concluding that the ALJ found his RFC to be consistent with Dr. House's and Dr. Dietz's proposed restrictions.

Defendant contends that an award of attorneys' fees is not appropriate because the Court remanded for further articulation. ECF Dkt. #16 at 5. Defendant relies upon *Anderson v. Comm'r of Soc. Sec.*, 198 F.3d 244, 1999 WL 1045072, *4 (6th Cir. Nov. 12, 1999), unreported; *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir.1992). In *Anderson*, the Sixth Circuit stated:

> The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record. In the present case, the district court did not find that the ALJ had erred in denying disability benefits based on a failure to apply the sequential analysis correctly, but merely indicated that the court did not feel that the ALJ's opinion was explicit enough in regard to whether or not claimant Christopher met a listed impairment.

*Anderson*, 1999 WL 1045072 at *4. Ultimately, the *Anderson* court held: "we find that the government had a rational ground for defending the denial of benefits, even though the ALJ's opinion was not sufficiently explicit." *Anderson*, 1999 WL 1045072 at *5.

The Court first notes that *Anderson* is an unreported case where the Sixth Circuit reviewed a district court's decision on an abuse of discretion standard. The *Anderson* court noted that "[a] reversal of the denial of benefits and a remand for further clarification does not automatically mean the Commissioner's decision to defend the ALJ's decision to deny benefits was unreasonable." *Anderson*, 1999 WL 1045072 at *4. Of course, this statement means that instances do exist where a remand for clarification does justify an award of attorney fees.

In *Anderson*, a claimant attempted to argue that an ALJ provided no reasoning for rejecting the Listing of Impairments criteria related to an IQ score. *Anderson,* 1999 WL 1045072 at *5. The appellate court disagreed, reasoning that "Although the ALJ did not specifically indicate why he rejected the performance score of 69, it is implicit in his opinion that the score of 69 was cast into doubt by the very person who gave the test, Dr. Rogers, who indicated that claimant was lackadaisical and nonchalant in his manner when taking the test, and therefore there was a 'wide discrepancy' of scores." *Id.*

The instant case is quite different. Plaintiff plainly raised the issue in her brief regarding the ALJ's failure to include all of Dr. House's and Dr. Dietz's restrictions in the RFC, presuming the ALJ properly weighed the medical opinions. ECF Dkt. #11 at 18-19. Defendant argued that the ALJ appropriately relied upon Dr. House's and Dr. Dietz's opinions, but then Defendant failed to acknowledge that the ALJ did not incorporate or address their purported restrictions. Defendant's position is not based on a rational ground supporting the denial of benefits because Defendant completely ignored the practical effect of the ALJ giving the greatest weight to Dr. House's and Dr. Dietz's opinions. Defendant focused on the propriety of discounting the treating source opinions, but the analysis should not have stopped there. *See* ECF Dkt. #12 at 13-15. If the ALJ was giving Dr. House's and Dr. Dietz's opinions the greatest weight, then both Defendant and the ALJ should have considered the effect of the limitations set forth by Dr. House and Dr. Dietz.

Dr. House and Dr. Dietz plainly set forth limitations that the ALJ did not discuss. Defendant merely claimed that the ALJ found the restrictions to be consistent with the ALJ's conclusion that Plaintiff was capable of one and two-step tasks. As noted above, a restriction to one and two-steps tasks is clearly distinct from a restriction from low stress environments.

-6-

Defendant provided no precedent showing that they are the same. Further, Defendant did not argue that Plaintiff was not entitled to a restriction from stress in the workplace. Lastly, Defendant did not contend that Plaintiff would be considered disabled even with a low stress restriction added to the RFC. Instead, Defendant unreasonably argued that the ALJ accounted for the restrictions in his RFC. In so doing, Defendant did not reasonably defend the ultimate denial of benefits.

### 3. NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B. REASONABLENESS OF FEES AND COSTS

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990). The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). Fees are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id.*, quoting 28 U.S.C. § 2412(d)(2)(A)(ii). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The decision to make adjustments to the hourly rate based upon increases in the Consumer Price Index ("CPI") as to the cost of living are left to the sound discretion of the district court. *Begley v. Sec'y of Health and Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)(citations

omitted).

The undersigned notes that Defendant has not challenged the reasonableness of the requested $125.00 hourly rate, the 14.35 hours expended on the case, or the $350.00 in costs that Plaintiff's counsel requests for work performed. Nevertheless, "[d]espite the absence of an objection...a District Court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination." *Nehls v. Astrue*, No. 2:08-cv-1008, 2010 WL 1258081 (S.D. Ohio Mar. 26, 2010), quoting *Lanham v. Sec'y of HHS*, 145 F.R.D. 409, 410 (E.D. Mich. 1992). Upon review of Plaintiff's application and attached affidavit and itemization of legal services, the Court finds that counsel's request for the capped hourly rate and the number of hours expended is reasonable in this case. The Court also finds that the $350.00 in costs is also reasonable for the cost of filing the federal complaint.

### C. PAYMENT OF FEES

Lastly, Plaintiff requests that fees be paid directly to counsel. ECF Dkt. #15 at 3. Defendant contends that the fees are payable to the litigant pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). ECF Dkt. #16 at 7. In *Ratliff*, the United States Supreme Court held that "that a § 2412(d) fee award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Id*. at 2524. In this particular case, Plaintiff's counsel has filed an assignment of EAJA fees signed by Plaintiff. ECF Dkt. #15. Pursuant to *Ratliff*, Defendant is granted 30 days from the date of this order to determine whether Plaintiff owes any pre-existing debts to the United States. Defendant shall then pay Plaintiff's counsel the sum of $2,143.75 minus an offset for any pre-existing debts owed by Plaintiff to the United States.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's application for the award of attorney fees pursuant to the EAJA and awards Plaintiff the amount of $2,143.75 for attorney fees and expenses relating to the above-captioned case to be paid in accordance with the terms of this order.

Date: November 2, 2010                                  */s/George J. Limbert*
                                                        GEORGE J. LIMBERT
                                                        U.S. MAGISTRATE JUDGE